UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JOSE M. SANTIAGO,

                      Petitioner,

   -against-

UNITED STATES OF AMERICA,

                    Respondent.
---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/22

16 CV 4803 (CM)
98 CR 290-01 (CM)

DECISION AND ORDER DENYING PETITIONER'S MOTION FILED PURSUANT 28 U.S.C. § 2255 ASKING THE COURT TO VACATE HIS 18 U.S.C. 924(c) FIREARM CONVICTION

McMahon, J.:

On March 31, 1999, Santiago broke into a one-bedroom basement apartment in Westchester County, New York and there shot to death Efraim Torres in the presence of Torres's wife and two small children. (03/10/2000 Plea Transcript at 18:16-20:11). A self-described member of the Latin Kings, Santiago killed Torres after having previously and unsuccessfully attempted to take his life for stabbing another member of the Latin Kings. *Id.*

On March 10, 2000, after the Government had noticed its intent to pursue a death sentence, Santiago pleaded guilty to three counts of an indictment arising from the murder: Conspiracy To Murder In Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 1); Murder In Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count 2); and Use, Carrying, and Possession of a Firearm, in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). The predicate "crimes of violence" for Count 3 were both Count 1 and Count 2. (*See* Indictment at 5 (ECF. No. 62); 03/10/2000 Plea Tr. at 14:15-24). In his plea allocution before the Court, Santiago stated, "I'm a member of the Latin Kings and . . . I went . . . to kill Efraim Torres." (*Id.* at 20:17-19). After the Court asked, "And did you, in fact,

kill Efraim Torres?" Santiago replied, "Yes, I did." And after the Court asked in turn, "And did you do that with a nine[-]millimeter gun . . . as part of and in furtherance of the mission of the Latin Kings . . . [and] to help [ ] maintain or solidify your position within the Latin Kings," to each question Santiago replied, "I did." (*Id.* at 20:20-21:10).

On April 26, 2000, the Court sentenced Santiago to a term of imprisonment of 50 years, specifically comprised of 10 years on Count 1, 45 years on Count 2, and five years on Count 3, with the sentence on Count 1 to run concurrent to the sentence on Count 2 and the sentence on Count 3 to run consecutive to the sentence on Count 2.

Before the Court is Santiago's motion, filed pursuant to 28 U.S.C. § 2255, which raises one issue: Santiago contends that his conviction on Count 3 for Use, Carrying, and Possession of a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i), should be vacated because neither conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) nor murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) is a "crime of violence" under 18 U.S.C. § 924(c)'s force clause, following *United States* v. *Johnson*, 135 S. Ct. 2551 (2015), and its progeny.

Santiago's motion is denied.

Santiago's conviction on Count 3 was premised on two predicate offenses, the crimes charged in Count 1 and Count 2. In Count 2, Santiago was charged with and pleaded guilty to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1), which the Second Circuit Court of Appeals has held to be a categorical crime of violence under 18 U.S.C. § 924(c)(3)(A)'s force clause, where the predicate violent crime, as here, is murder in the second degree, in violation of New York Penal Law § 125.25. *See United States v. Scott*, 990 F.3d 94, 100 (2d Cir.), cert. denied, 142 S. Ct. 397 (2021) (After rehearing the case *en banc*, we reject this

reasoning, which, carried to its logical—or illogical—conclusion, would preclude courts from recognizing even intentional murder as a categorically violent crime because, presumably, it is just as possible for a defendant to cause a person's death by omission when the defendant's specific intent is to kill, *see* N.Y. Penal Law § 125.25(1) (second-degree murder), as when his specific intent is to cause serious physical injury, *see id.* § 125.20(1) (first-degree manslaughter). We decline to take the law down a path leading so far from the violent reality of these two most serious, intentionally injurious homicide crimes.).

Santiago's petition is dismissed.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying Santiago's motion would not be taken in good faith. *See Feliz v. United States*, No. 01-cv-5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002).

This constitutes the decision and order of the Court.

Dated: January 25, 2022

_____
District Court Judge